# SECTION 362 INFORMATION COVER SHEET

DEBTOR:   Lawrence Augustus Grihalva

BANKRUPTCY NO.   11-26893-mkn

MOVANT:  Aurora Loan Services LLC          CHAPTER:  7

---

Certification of Attempt to Resolve the Matter Without Court Action:

Moving counsel hereby certifies that pursuant to the requirement of LR 4001(a)(2), the subject property has been identified as being surrendered in the plan and/or schedules, or an attempt has been made to resolve the matter without court action, but movant has been unable to do so.

Date:  12/21/2011                              Signature:  /s/ Sherry A. Moore, Esq. Attorney for Movant

---

PROPERTY INVOLVED IN THIS MOTION: 3222 East Viking Road, Las Vegas, NV 89121

NOTICE SERVED ON: Debtor:  Lawrence Augustus Grihalva; Debtor's counsel, Christopher Patrick Burke; Trustee, William A Leonard.
DATE OF SERVICE:

| MOVING PARTY'S CONTENTIONS: | | | DEBTOR'S CONTENTIONS: |
|---|---|---|---|
| The EXTENT and PRIORITY OF LIENS: | | | |
| 1st   Aurora Loan Services LLC | $ | 783,701.94 | The EXTENT and PRIORITY OF LIENS: |
| 2nd   Homecoming Financial | $ | 150,000.00 | 1st |
| 3rd | $ | | 2nd |
| 4th | $ | | 3rd |
| | | | Other |
| Total Encumbrances: | $ | 779,179.97 | Total Encumbrances: |
| APPRAISAL or OPINION as to VALUE: | $ | 250,000.00 | APPRAISAL or OPINION as to VALUE: |
| **TERMS OF MOVANT'S CONTRACT with the DEBTOR** | | | **OFFER OF "ADEQUATE PROTECTION" for MOVANT:** |
| Amount of Note:            $600,000.00  | | | |
| Interest Rate:               6.75%  | | | |
| Duration:                    30 Years  | | | |
| Payment per month:     $4,435.45  | | | |
| Date of Default :          12/01/07  | | | |
| Amount of Arrears:      $232,170.49 | | | SPECIAL CIRCUMSTANCES: |
| Recording NOD: 03/06/2008    NOS: 10/07/2011 | | | |
| SPECIAL CIRCUMSTANCES:  There is no equity in the property for the debtor. | | | |
| Submitted by:   Sherry A. Moore | | | Submitted by: |
| Signature:    /s/ Sherry A. Moore | | | Signature: |

FORM 362/10/95

INSTRUCTIONS
for Section 362 Cover Sheet

To expedite the hearing of Section 362 motions for relief from the automatic stay, the moving party shall complete and file with the motion a copy of this Cover Sheet. The Cover Sheet requires a statement of the nature and extent of the liens on the Debtor's property at issue. The movant must show at least the status of the issue. The movant must show at least the status of the movant's lien and any senior liens. At the Court's discretion, the motion may be denied if this exhibit has not been completed and filed, unless the information is not applicable (such as for motions to lift stay to allow pending litigation to proceed).

This Cover Sheet shall be attached to the front of the motion and a copy served on the debtor. The debtor shall indicate disagreement on the right of the Cover Sheet. The debtor shall file the completed Cover Sheet to the Debtor's formal response or opposition to the motion.

Special circumstances that would compel the granting or denial of the requested relief shall be set forth briefly on the bottom of this Cover Sheet and shall be explained more fully in the motion or response.

NOTICING REQUIREMENTS

The Court will not hear motions not properly noticed. Unless the Court otherwise orders, twenty-eight (28) days notice of all motions for relief from the automatic stay must be served on the Debtor, the Debtor' attorney and, where applicable, the Chapter 7 trustee, the Chapter 13 standing trustee, or the Chapter 11 trustee. See Bankruptcy Rules 4001, 9014, and 7004, and the Local Rules of Practice for the District of Nevada, LR 4001, and LR 9013.

1  Kristin A. Schuler-Hintz, Esq., SBN 7171                              E-filed: 12/21/2011
   Sherry A. Moore, Esq., SBN 11215
2  McCarthy & Holthus, LLP
3  9510 West Sahara Avenue, Suite 110
   Las Vegas, NV 89117
4  Phone (702) 685-0329
   Fax (866) 339-5691
5  NVBK@McCarthyHolthus.com

6  Attorney for Aurora Loan Services LLC, its assignees and/or successors

7                          UNITED STATES BANKRUPTCY COURT

8                                  DISTRICT OF NEVADA

9
   In re:                              ) Case No. 11-26893-MKN
10                                     )
11 Lawrence Augustus Grihalva,         ) Chapter 7
                                       )
12     Debtor.                         ) **AURORA LOAN SERVICES LLC'S**
                                       ) **MOTION CONFIRMING NO**
13                                     ) **AUTOMATIC STAY IN EFFECT OR IN**
14                                     ) **THE ALTERNATIVE MOTION FOR**
                                       ) **RELIEF FROM AUTOMATIC STAY AS**
15                                     ) **TO THE CHAPTER 7 TRUSTEE**
16                                     )
                                       ) HEARING:
17                                     ) DATE:   01/25/12
                                       ) TIME:   1:30 pm
18                                     ) CTRM:   2
19                                     ) PLACE:  300 Las Vegas Boulevard South,
                                       ) Las Vegas, NV 89101
20 _____

21      **Aurora Loan Services LLC, its assignees and/or successors in interest**, moves this

22 Court for an Order Confirming No Automatic Stay in Effect or in the Alternative for an Order

23 Terminating Stay as to the Chapter 7 Trustee pursuant to 11 U.S.C. § 362 as to moving party

24 (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party

25 and its Trustee may, enforce its rights under applicable state law, or at its election, seek to

26 modify the loan, relative to the Note and Deed of Trust secured by the Debtor's property,

27 commonly known as 3222 East Viking Road, Las Vegas, NV 89121 ("Property" herein).

28

29

1

*Revised 12/09*                        11-26893-mkn; M&H File No. NV-11-64025
                                       Motion for Relief From Automatic Stay

Aurora Loan Services LLC is the holder of a Promissory Note dated 03/31/2006, in the principal amount of $600,000.00, which is secured by the Deed of Trust of the same date. **See Exhibit "1"**, which is a current copy of the promissory note.

The current market value of the Debtor's subject Property is $250,000.00, based upon the Debtors on valuation as set forth in Schedule A. **See Exhibit "2"**.

Homecoming Financial holds a 2nd lien on the Property in the amount of $150,000.00 as set forth in Debtors Schedule D. **See Exhibit "3".**

Based upon Aurora Loan Services LLC's past practices, it is expected that the cost of sale of the property will be at least eight to ten percent of the value of the property. In the present case, the Debtor has no equity in the Property, as evidenced by the approximate market value compared to the total liens against the Property, principally that of Aurora Loan Services LLC herein and the other liens as noted in this Motion.

| | |
|---|---:|
| Value | $ 250,000.00 |
| Total Liens to Aurora Loan Services LLC | $ 783,701.94 |
| 2nd Lien on Property | $ 150,000.00 |
| Equity | $ (683,701.94) |

Based on the foregoing, Aurora Loan Services LLC alleges that there is no equity in the subject property, the subject property is not necessary for an effective reorganization, and Aurora Loan Services LLC is not adequately protected.

Aurora Loan Services LLC is not receiving regular monthly payments, and is unfairly delayed from proceeding with the foreclosure of the subject Property. The Debtor is in substantial default with post-petition payments. Accordingly, relief from the automatic stay should be granted to Aurora Loan Services LLC pursuant to 11 U.S.C. § 362(d)(1) and (2).

The Debtor filed this subject bankruptcy petition on 10/27/2011.

Pursuant to the terms of the Deed of Trust, a payment received is applied to the account and credited to the next due payment. For example, a payment received in December will be applied to the November payment if no payment had been received in November.

With respect to Aurora Loan Services LLC's Deed of Trust, the following is now due:

///

2

*Revised 12/09*  11-26893-mkn; M&H File No. NV-11-64025
Motion for Relief From Automatic Stay

| | | |
|---|---|---:|
| **Total Due** | | |
| Unpaid Principal Balance: | $ | 584,857.06 |
| Accrued Interest as of 12/07/2011: | $ | 161,958.29 |
| Escrow Advances as of 12/07/2011: | $ | 22,013.87 |
| | | |
| DELINQUENCIES | | |
| Monthly Payments: 48 at $4,435.45 (12/01/07 through 11/01/11) | $ | 212,901.60 |
| Monthly Payments: 1 at $4,396.17 (12/01/11) | $ | 4,396.17 |
| Late Charges: | $ | 583.74 |
| Non-Escrow Advances: | $ | 13,562.98 |
| Bankruptcy Attorney Fee: | $ | 550.00 |
| Bankruptcy Filing Fee: | $ | 176.00 |
| **Total Delinquencies:** | $ | **232,170.49** |
| | | |
| **Total Due to Aurora Loan Services, LLC:** | $ | **783,701.94** |

The next scheduled monthly payment is due 01/01/2012, and continuing each month thereafter. Late charges will accrue if payment is not received by the 15th of the month.

**There is No Automatic Stay in Effect**

The subject bankruptcy is Debtor's second bankruptcy pending within one year of the dismissal of the Debtor's first bankruptcy. The Debtor's previous bankruptcy was filed on 7/11/2008, Case 08-17519, which was dismissed on 7/27/2011. The Debtor accordingly filed a Motion to Continue the Automatic Stay beyond 30 days pursuant to 11 U.S.C. § 362(c)(3), which was denied on 11/22/2011. Therefore, pursuant to the Court's Order on Motion to Continue the Automatic Stay, the automatic stay expired by operation of law on 11/26/2011. **See Docket # 31**. This Court did not make a ruling as to the expiration of the estate as to the Trustee.

However, per the recent decision of <u>In re Reswick</u>, 2011 Bankr. LEXIS 873 (B.A.P. 9th Cir. February 4, 2011), the automatic stay terminated as to both the debtor and property of the Debtor's estate on 11/26/2011.

Due to the foregoing, Secured Creditor seeks an Order confirming there is no automatic stay as to the Trustee. Or in the alternative, Secured Creditor seeks Relief from the Automatic Stay as to the Trustee only in this bankruptcy case.

3

**Notice of Default**

Aurora Loan Services LLC recorded a Notice of Default to foreclose on the Property on 03/06/2008. The trustee sale and foreclosure have since been stayed as a result of the subject bankruptcy case.

WHEREFORE, Aurora Loan Services LLC prays for judgment as follows:

1. For an Order confirming no automatic stay is in effect as to the Trustee pursuant to In re Reswick, 2011 Bankr. LEXIS 873 (B.A.P. 9th Cir. February 4, 2011).
2. For an Order granting relief from the automatic stay as to the Trustee, permitting Aurora Loan Services LLC to pursue their rights under applicable State and Federal Law to recover the property or to modify the loan.
3. For an Order permitting Movant, at its option, to offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement as allowed by state law, said agreement would be non-recourse unless included in a reaffirmation agreement, and permitting Movant to contact the Debtor via telephone or written correspondence to offer such an agreement.
4. For an Order that the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.
5. For an Order modifying the automatic stay to protect Aurora Loan Services LLC's interest, as the Court deems proper.
6. For attorneys' fees and costs incurred herein.
7. For such other relief as the Court deems proper.

Dated: December 21, 2011       McCarthy & Holthus, LLP

By: /s/ Sherry A. Moore
Sherry A. Moore, Esq.
Kristin A. Schuler-Hintz, Esq.
Attorney for Aurora Loan Services LLC