Honorable Mike K. Nakagawa
United States Bankruptcy Judge

**Entered on Docket**
**September 03, 2013**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

In re:                                                         )    Case No.: 11-26893
                                                                  )    Chapter 7
LAWRENCE A. GRIHALVA,                      )
                                                                  )    Date: August 28, 2013
                           Debtor.                         )    Time: 2:30 p.m.
_____)

**ORDER ON MOTION TO REOPEN CHAPTER 7 UNDER 11 U.S.C. §350 AND F.R.B.P. 5010 TO HOLD CREDITORS IN CONTEMPT AND FOR SANCTIONS FOR VIOLATION OF THE DISCHARGE INJUNCTION 11 U.S.C. §524(A)(2) AND FOR VIOLATING THE FAIR DEBT COLLECTION PRACTICE ACT AND THE NEVADA CONSUMER PROTECTION LAWS** [1]

On August 28, 2013, the court heard the Motion to Reopen Chapter 7 Under 11 U.S.C. §350 and F.R.B.P. 5010 to Hold Creditors in Contempt and for Sanctions for Violation of the Discharge Injunction 11 U.S.C. §524(a)(2) and for Violating the Fair Debt Collection Practice Act and the Nevada Consumer Protection Laws ("Contempt Motion") brought by Lawrence A. Grihalva ("Debtor"). The appearances of counsel were noted on the record. After the parties presented arguments, the court took the matter under submission.

**BACKGROUND**

---

[1] Unless otherwise specified, all "Section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure. All references to "FRE" are to the Federal Rules of Evidence. All references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket maintained by the clerk of the court.

1

On October 27, 2011, Lawrence A. Grihalva ("Debtor") filed a voluntary Chapter 7 petition.[2] On his real property Schedule "A," he listed an interest in certain real property located at 3222 E. Viking Road in Las Vegas, Nevada ("Viking Property"). (ECF No. 15). On his secured creditor Schedule "D," he listed Aurora Loan Services as having a first mortgage against the Viking Property and Homecoming Financial as having a second mortgage.

On November 10, 2011, Debtor filed a motion to continue the automatic stay pursuant to Section 362(c)(3). (ECF No. 20). The motion was required because the Debtor had a previous Chapter 13 proceeding, Case No. 08-17519 ("First Case"), that had been dismissed within one year of the commencement of the current case. On November 17, 2011, opposition to the motion was filed by The Bank of New York Mellon ("BONY") through the law firm of McCarthy & Holthus, LLP.[3] On November 22, 2011, an order was entered denying the Debtor's motion. (ECF No. 31).

On December 15, 2011, BONY filed a motion seeking to confirm that the automatic stay was no longer in effect with respect to the Serene Property through the McCarthy & Holthus firm. (ECF No. 40). On December 21, 2011, Aurora Loan Services ("Aurora"), on behalf of itself, assignees and successors, filed a motion seeking to confirm that the automatic stay was no longer in effect with respect to the Viking Property. (ECF No. 44). Debtor filed opposition with respect to both motions. (ECF Nos. 54 and 56). On January 26, 2012, an order was entered granting BONY's motion with respect to the Serene Property. (ECF No. 59). On February 7, 2012, an order was entered granting Aurora's motion with respect to the Viking Property. (ECF No. 63).

---

[2] It was originally filed as a "skeleton" petition, i.e., without schedules and statements. The balance of the Debtor's documents were filed on November 10, 2011.

[3] In its opposition, BONY alleged that it had a secured claim against a separate property located at 56 East Serene Avenue, Unit 3-120, Las Vegas, Nevada ("Serene Property), that also had been scheduled by the Debtor.

1    On February 3, 2012, Debtor received his Chapter 7 discharge. (ECF No. 61). A copy of
2 the discharge was mailed to the parties appearing on the Debtor's mailing matrix, including
3 Homecoming Financial and McCarthy & Holthus. (ECF No. 62). On March 6, 2012, a final
4 decree was entered discharging the bankruptcy trustee and closing the bankruptcy case. (ECF
5 No. 66).
6    On April 19, 2013, Nationstar Mortgage, LLC ("Nationstar") mailed a letter to the
7 Debtor regarding the Viking Property ("April 19 Letter"), consisting of nine paragraphs in ten-
8 point type. With the Debtor's name capitalized, the opening paragraph of the letter states that
9 "You are hereby provided formal notice by Nationstar...,the Servicer of the above-referenced
10 loan, on behalf of 'U.S. Bank National Association...', the Creditor to whom the debt is owed,
11 that you are in default under the terms and conditions of the Note and Security Instrument..., for
12 failure to pay the required installments when due."
13    The second paragraph of the April 19 Letter states that "This letter serves as further
14 notice that Nationstar...intends to enforce the provisions of the Note and Security Instrument.
15 You must pay the full amount of the default on this loan by the thirty-fifth (35th) day from the
16 date of this letter which is 05/24/2013... If you do not pay the full amount of the default, we may
17 accelerate the entire sum of both principal and interest due and payable, and invoke any remedies
18 provided for in the Note and Security Instrument, including but not limited to the foreclosure
19 sale of the property. If you received a bankruptcy discharge which included this debt, this notice
20 is not intended and does not constitute an attempt to collect a debt against you personally; notice
21 provisions may be contained within your mortgage/deed of trust which notice may be required
22 prior to foreclosure."
23    The next four paragraphs of the April 19 Letter discuss the amount and manner of the
24 Debtor's cure of the existing default. The final paragraph of the April 19 Letter notifies the
25 Debtor that the default and collection action may be reported to local and national credit
26 reporting agencies. Included as a third page to the April 19 Letter is a sheet that is blank except

for a single paragraph at the bottom of the page, in bold capitalized letters, which includes the following language: "TO THE EXTENT YOUR OBLIGATION HAS BEEN DISCHARGED OR IS SUBJECT TO THE AUTOMATIC STAY IN A BANKRUPTCY PROCEEDING, THIS NOTICE IS FOR INFORMATIONAL PURPOSES ONLY AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR AN ATTEMPT TO COLLECT AN INDEBTEDNESS AS YOUR PERSONAL OBLIGATION."

On June 27, 2013, Nationstar commenced an action by filing a complaint ("State Complaint") in the Eighth Judicial District Court for the State of Nevada in and for the County of Clark ("State Action"), naming the Debtor, and various other individuals and entities, as defendants. It is styled as a complaint for judicial foreclosure with respect to the Viking Property pursuant to the Deed of Trust. Paragraph 18 of the State Complaint alleges that "Pursuant to the terms of the Note and Deed of Trust and the acceleration letter attached hereto as Exhibit '2,' NATIONSTAR MORTGAGE LLC, has declared all sums immediately due and payable and accelerated all sums due." Its prayer seeks a judgment only against the Debtor "for the sum of $584,857.06, plus all pre and post-filing costs and attorney's fees, and interest from December 1, 2007 until paid in full, plus pre and post-judgment interest on all advances, costs and attorney's fees from the date each was due until paid in full, for its costs incurred herein, including post-judgment costs, for its attorney's fees, including post-judgment attorney's fees, pursuant to the terms of the Note and Deed of Trust, and for such other and further relief as the Court deems just and proper." The prayer of the State Complaint also asks "That if the proceeds of sale do not satisfy Plaintiffs' judgment in full, the Plaintiff may amend its complaint against Defendant, Lawrence Grihalva" and that "No Deficiency Judgment shall be sought against Defendants, Lawrence Grihalva" and the other named defendants. Nationstar is represented in the State Action by the McCarthy & Holthus law firm.

On July 17, 2013, Debtor filed a response to Nationstar's complaint, in pro se.

On July 25, 2013, Debtor filed the instant Contempt Motion (ECF No. 67)[4] by which he seeks to reopen his bankruptcy case for the purpose of holding Nationstar and its attorneys, McCarthy & Holthus, in contempt.[5] Debtor maintains that the above-described actions by Nationstar, and its counsel, violated the bankruptcy discharge. By way of contempt sanctions, Debtor seeks actual damages in the form of lost wages, attorney's fees, reimbursement of filing fees, and punitive damages of $10,000. The motion is supported by the Declaration of Lawrence A. Grihalva ("Grihalva Declaration") (ECF No. 68)[6] and the Declaration of Christopher Burke ("Burke Declaration") (ECF No. 76-1).[7] A joint opposition ("Opp.") was filed by Nationstar and McCarthy & Holthus (ECF No. 73)[8], as well as a supplement ("Supp. Opp.") thereto only by

---

[4] Attached as Exhibit "A" to the Contempt Motion is a copy of the first page of the April 17 Letter. Attached as Exhibit "B" to the Contempt Motion is a copy of the complaint filed in the Collection Action. Attached as Exhibit "C" to the Contempt Motion is another copy of pro se response to the complaint filed by the Debtor.

[5] In addition to seeking to hold Nationstar and its attorneys in contempt, Debtor's motion also asserts that sanctions are appropriate because the same conduct violated the Fair Debt Collection Practice Act, 15 U.S.C. § 1692, as well as §§ 598 and 41.600 of the Nevada Revised Statutes ("NRS"). As to the latter bases for sanctions, both Nationstar and its counsel objected, and Debtor withdrew those bases for sanctions at the hearing on the motion. As a result, the court's instant decision does not address those claims and they are deemed withdrawn without prejudice.

[6] Debtor attests that he missed three days of work to respond to the State Complaint, resulting in $2,550 in lost wages. See Grihalva Declaration at ¶¶ 13 and 14. Also attached as Exhibit "1" to the Grihalva Declaration is a copy of the Register of Actions maintained by the state court for the State Action as well as a copy of the pro se response filed by the Debtor.

[7] The Burke Declaration is attached as Exhibit "A" to the Debtor's reply in support of the Contempt Motion. Attorney Burke attests that he has charged $3,105 in attorney's fees and $4.90 in costs to the Debtor in connection with the Contempt Motion.

[8] Attached as Exhibit "A" to the joint opposition is a copy of the entire April 19 Letter. Attached as Exhibit "B" to the joint opposition is a copy of the civil cover sheet and the State Complaint. The copy of the complaint, however, does not include the two exhibits referenced in the document, one of which would have been the acceleration letter mentioned in Paragraph 18. There appears to be no question that the acceleration letter referenced in the State Complaint was the April 19 Letter. The civil cover sheet has the box checked for foreclosure of real property

5

Nationstar.  (ECF No. 75).[9]  A reply ("Reply") was filed by the Debtor.  (ECF No. 76).  No objections have been filed or raised with respect to the court's consideration of the exhibits submitted by the parties.

## DISCUSSION

Section 524(a)(1) provides in relevant part that a Chapter 7 discharge "voids any judgment at any time obtained, to the extent such judgment is a determination of the personal liability of the debtor with respect to any debt discharged..."  Section 524(a)(2) provides in relevant part that the Chapter 7 discharge "operates as an injunction against the commencement or continuation of an action,...or an act, to collect, recover or offset any such debt as a personal liability of the debtor..."  Section 350(b) allows a closed bankruptcy case to be reopened "to accord relief to the debtor, or for other cause."

A debtor who asserts that the discharge injunction under Section 524(a)(2) has been violated, must seek relief from the bankruptcy court by motion rather than through commencement of an adversary proceeding.  See Barrientos v. Wells Fargo Bank, N.A., 633 F.3d 1186, 1190 (9th Cir. 2011).   Whether relief is sought by a debtor through a motion or through an adversary proceeding, the underlying bankruptcy case itself obviously must be open.  Because the Debtor herein seeks to enforce the discharge injunction, cause exists to reopen his bankruptcy case pursuant to Section 350(b).

The Bankruptcy Appellate Panels for the Ninth Circuit ("BAP") summarized the standards applicable to the enforcement of the discharge injunction as follows:

> To be subject to sanctions for violating the discharge injunction, a party's violation must be "willful." The Ninth Circuit applies a two-part test to determine whether the willfulness standard has been met: (1) did the alleged offending party know

---

but does not have the box checked for "Breach of Contract" or "Collection of Actions".

[9] Attached as Exhibit "A" to the supplement is a copy of a deed of trust recorded April 26, 2006 ("Deed of Trust") that secures the original loan against the Viking Property.

> that the discharge injunction applied; (2) and did such party intend the actions that violated the discharge injunction? *In re Nash*, 464 B.R. at 880 (citing *Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d 1193, 1205 n. 7 (9th Cir.2008), aff'd, ––– U.S. –––, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010); *Zilog, Inc. v. Corning (In re Zilog, Inc.)*, 450 F.3d 996, 1007 (9th Cir.2006). For the second prong, the bankruptcy court's focus is not on the offending party's subjective beliefs or intent, but on whether the party's conduct in fact complied with the order at issue. *Bassett v. Am. Gen. Fin. (In re Bassett)*, 255 B.R. 747, 758 (9th Cir.BAP2000), *rev'd on other grounds*, 285 F.3d 882 (9th Cir.2002). "A party's negligence or absence of intent to violate the discharge order is not a defense against a motion for contempt." *Jarvar v. Title Cash of Mont., Inc. (In re Jarvar)*, 422 B.R. 242, 250 (Bankr.D.Mont.2009)(citing *Atkins v. Martinez (In re Atkins)*, 176 B.R. 998, 1009–10 (Bankr.D.Minn.1994)); *see also In re Sanburg Fin. Corp.*, 446 B.R. 793, 804 (S.D.Tex.2011)(that the offending party may have not understood its actions to violate the discharge injunction does not negate the willfulness finding, even if true).
>
> The moving party must prove by clear and convincing evidence that the offending party violated the order. *In re Zilog, Inc.*, 450 F.3d at 1007; *Knupfer v. Lindblade ( In re Dyer)*, 322 F.3d 1178, 1191 (9th Cir.2003). The moving party also has this same burden to prove that sanctions are justified. *Espinosa*, 553 F.3d at 1205 n .7. The burden then shifts to the offending party to demonstrate why it was unable to comply. *In re Bennett*, 298 F.3d at 1069. If a bankruptcy court finds that a party has willfully violated the discharge injunction, it may award actual damages, punitive damages and attorney's fees to the debtor. *In re Nash*, 464 B.R. at 880 (citing *Espinosa*, 553 F.3d at 1205 n. 7 (citing 2 Collier Bankruptcy Manual ¶ 524.02[2][c] (3d rev. ed.))). The bankruptcy court has broad discretion in fashioning a remedy for violation of the discharge injunction. *In re Bassett*, 255 B.R. at 758.

Rosales v. Wallace (In re Wallace), 2012 WL 2401871 at *5 (B.A.P. 9th Cir. June 26, 2012).[10]

In its opposition, Nationstar maintains that its April 19 Letter was the type of communication required by Paragraph 22 of its Deed of Trust. See Supp. Opp. at 3:26-27. Paragraph 22, however, addresses the lender's remedies in the event of a borrower's default, including the right to accelerate the maturity of the note. The communication contemplated by

---

[10] The summary cites and is consistent with the view previously expressed by the BAP in Nash v. Clark Cnty. Dist. Attorney's Office (In re Nash), 464 B.R. 874, 880 (B.A.P. 9th Cir. 2012).

Paragraph 22 is in fact a prerequisite to collection of the underlying obligation.

Nationstar argues that the April 19 Letter is similar to the correspondence involved in a case where the bankruptcy court for the Northern District of Georgia did not find a lender in contempt. See Supp. Opp. at 3:17 to 4:9, citing Mele v. Bank of Am. Home Loans (In re Mele), 486 B.R. 546 (Bankr.N.D.Ga. 2013). A detailed comparison of the two cases, however, reveals no such similarity.[11]

In the instant case, the April 19 Letter, consisting of nine paragraphs of ten-point type, is the only correspondence that the Debtor received from Nationstar before the State Action was commenced on June 27, 2013. The Mele case was much different. In addition to a variety of telephone calls between the debtor and the lender, Mele involved 15 items of correspondence sent by the lender after the debtor's discharge. 486 B.R. at 550. The court divided the fifteen pieces of correspondence, all separate exhibits, into four categories: four informational forms (Exs. 2, 3, 4 and 5), three forms of FHA information (Exs. 6, 11 and 16), five responses to inquiries from the debtor (Exs. 8, 9, 12, 14 and 15), and three account or payoff statements (Exs. 13, 7 and 10). Id. at 550-555. None of the documents included a deficiency notice, acceleration notice or payment demand, or language remotely comparable to that contained in the April 19 Letter.[12] Moreover, in addition to not demanding payment, two of the informational forms in Mele highlighted that no collection in violation of the bankruptcy discharge was being sought (Exs. 3 and 5), one of the FHA information transmittal letters emphasized the same (Ex. 16), and

---

[11] Oddly, Nationstar and its counsel opposed reopening of the Debtor's bankruptcy case, arguing that cause to do so is absent. Yet they cite the Mele decision which reopened a debtor's Chapter 7 bankruptcy case for the very purpose of adjudicating an alleged violation of the discharge injunction.

[12] The exhibits considered by the court in Mele appear on the docket in that proceeding as attachments to document number 89. The debtor and the lender in Mele produced the same fifteen items of correspondence. 486 B.R. at 550 n. 3. Pursuant to FRE 201(b)(2), the court takes judicial notice of the language of the documents that were considered by the court in the Mele proceeding.

all three of the account or payoff statements referenced the effect of the bankruptcy discharge (Exs 7, 10 and 13). Beyond these obvious distinctions between the April 19 Letter and the correspondence at issue in Mele, in the present case Nationstar took the additional step of filing a complaint in the State Action that makes no reference to the Debtor's discharge.

As noted above, the prayer of Nationstar's complaint seeks a judgment solely against the Debtor for the full amount due on the underlying obligation. Additionally, while a part of the prayer states that no deficiency after sale will be sought against the Debtor or any other named defendants, it also states that Nationstar might amend the complaint solely as to the Debtor in the event that the sale proceeds are insufficient to satisfy the full amount of the judgment. Thus, notwithstanding Nationwide's assertion that it is not seeking a deficiency judgment, see Opp. at 2:14-15, 4:9-14 and Supp. Opp. at 3:12-15, the prayer states otherwise.[13]

Rule 8(c) of the Nevada Rules of Civil Procedure ("NRPC") lists the affirmative defenses that must be asserted by a defendant in answering a civil complaint. "Discharge in bankruptcy" is one of the defenses that NRCP 8(c) requires to be pled affirmatively. Under Nevada law, the failure to plead an affirmative defense may result in its waiver, see Webb v. Clark Cnty. School Dist., 125 Nev. 611, 619-20, 218 P.3d 1239, 1245 (Nev. 2009), although the trial court may allow an amendment. See Whealon v. Sterling, 121 Nev. 662, 665-66, 119 P.3d 1241, 1244 (Nev. 2005).

In contrast, the requirement of asserting a bankruptcy discharge as an affirmative defense in a federal civil action was eliminated from Rule 8(c)(1) of the Federal Rules of Civil Procedure ("FRCP") effective December 1, 2010, because Section 524(a)(1) and Section 524(a)(2) voids

---

[13] The initial opposition filed by Nationstar and its counsel was very careful to quote only the language in the prayer eschewing a deficiency judgment, see Opp. at 2:14-15 and 4:12-14, but not the language providing for the complaint to be amended solely as to the Debtor in the event of a deficiency. Rather than fessing up to the obvious double talk in the prayer of the State Complaint, both Nationstar and its counsel apparently try ignore that it occurred. Is it any wonder that the Debtor does not trust their assertion of benign intentions?

any judgment determining the personal liability of a debtor with respect to a discharged debt. See Fed. R. Civ. P. 8 advisory committee's note (2010 Amendments). Even prior to the 2010 amendment, the BAP concluded that the bankruptcy discharge is an absolute, nonwaivable defense to postdischarge collection activity. See Lone Star Sec. & Video, Inc. v. Gurrola (In re Gurrola), 328 B.R. 158, 170 (B.A.P. 9th Cir. 2005).[14]

In the instant case, Nationstar and its counsel placed the Debtor in an untenable position by engaging in conduct inconsistent with the discharge. Debtor could not ignore the State Action because the language of the State Complaint subjected him to personal liability for the full amount of the indebtedness and preserved the possibility of a deficiency being sought after the Viking Property is sold. The State Complaint makes no mention that Nationstar's relief is limited in any way by the Debtor's discharge. By seeking a determination of liability for the full amount, by preserving a possible deficiency after sale, and by omitting any reference to the discharge, Nationstar forced the Debtor to assert his bankruptcy discharge in response.[15] Moreover, because Nationstar has not amended the State Complaint as of the hearing on the Contempt Motion, it continues to violate the discharge injunction.

There is no dispute that Nationstar was aware of the Debtor's discharge at the time the April 19 Letter was sent and at the time the State Action was commenced. There is no dispute that Nationstar intentionally sent the April 19 Letter to the Debtor. There is no dispute that Nationstar and its counsel intentionally served the State Complaint commencing the State

---

[14] States such as Arizona have taken steps to eliminate the bankruptcy discharge as an affirmative defense in light of amendments to FRCP 8(c), see, e.g., 16 A.R.S. Rules of Civil Procedure, Rule 8(c) (effective January 1, 2013), but Nevada has not.

[15] Because NRCP 8(c) still requires a bankruptcy discharge to be asserted as an affirmative defense, the failure to do so might be construed as a waiver under Nevada case law construing the rule. See, e.g., Webb, Ex Rel. Webb, 125 Nev. at 624, 218 P.3d at 1248 (immunity defense under federal Coverdell Act, 20 U.S.C. § 6736, is an affirmative defense under NRCP 8(c) that was waived because it was not pled in defendants' answer).

Action. There is no dispute that Nationstar's counsel prepared the State Complaint. There is no dispute that the Debtor is the subject of both the April 19 Letter and the State Action. There is no dispute that the Debtor received both the April 19 Letter and the State Complaint. There is no dispute that Nationstar continues to pursue the State Action.

Under these circumstances, there is clear and convincing evidence that Nationstar and its counsel have willfully violated the discharge injunction. The violation continues as long as the State Complaint seeks entry of a judgment against the Debtor for the amounts set forth in the prayer[16] while also permitting the complaint to be amended as to the Debtor if the proceeds of sale do not satisfy the judgment in full.

The uncontroverted evidence in the record is that Debtor has suffered lost wages in the amount of $2,550 as a consequence of the violation and has incurred $3,109.90 in attorney's fees and costs in bringing the Contempt Motion. There is no dispute that the Debtor paid a filing fee of $260.00 to bring the motion. All three sums, totaling $5,919.90, will be awarded as a contempt sanction for violation of the discharge injunction, and Nationstar and its counsel will be jointly and severally liable.[17]

While Debtor asserts that punitive damages also may be appropriate, see Contempt Motion at 7:4-17, Nationstar aptly points out that a bankruptcy court's civil contempt authority is limited to relatively mild non-compensatory fines rather than serious punitive penalties. See Supp. Opp. at 6:4-8, citing Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, 1193 (9th Cir.

---

[16] As previously noted, the prayer of Nationstar's State Complaint seeks a judgment against the Debtor "for the minimum sum of $584,857.06..."

[17] Although the Debtor attests that the April 19 Letter and State Action "upset me greatly," see Grihalva Declaration at ¶ 15, the Contempt Motion does not specify that it seeks compensation for emotional distress as a form of actual damages. Other than the Debtor's singular reference to being upset, there is no basis in the record to award emotional distress damages.

2003).[18]  In this particular instance, Nationstar's violation of the discharge injunction is ongoing. Additionally, Nationstar's complaint seeks a judgment in the minimum amount of $584,857.06. A fine in the amount of $10,000 represents less than two percent of the minimum judgment that Nationstar seeks against the Debtor.  Under the circumstances of this case, the court concludes that imposition of such a fine is appropriate.

Having concluded that Nationstar and its counsel are in contempt, and that the discharge injunction continues to be violated, the court will further order that Nationstar take appropriate steps to amend the State Complaint or otherwise dismiss the State Action, so that no further judgment as a personal liability of the Debtor is sought.  An appropriate amount of time will be permitted for Nationstar and its counsel to take such steps.  In the event such steps are not taken, an appropriate fine of $1,000 per day will be assessed until Nationstar and its counsel complies.

**IT IS HEREBY ORDERED** that the Motion to Reopen Chapter 7 Under 11 U.S.C. §350 and F.R.B.P. 5010 to Hold Creditors in Contempt and for Sanctions for Violation of the Discharge Injunction 11 U.S.C. §524(a)(2) and for Violating the Fair Debt Collection Practice Act and the Nevada Consumer Protection Laws, Docket No. 67, be, and the same hereby is, **GRANTED AS PROVIDED IN THIS ORDER**.

**IT IS FURTHER ORDERED** that the above-captioned bankruptcy case is reopened under 11 U.S.C. § 350(b) for the limited purpose of the enforcement of the discharge injunction arising in this case under 11 U.S.C. § 524(a)(2).

**IT IS FURTHER ORDERED** that Nationstar Mortgage, LLC and McCarthy & Holthus, LLP, are found in contempt pursuant to 11 U.S.C. § 105(a) for violating the discharge

---

[18] In his reply, Debtor does not dispute this limitation on the bankruptcy court's authority, but only argues that sanctions should be imposed. See Reply at 4:1-6. Moreover, none of the cases cited by the Debtor in the Contempt Motion arose in this circuit and several of them involved statutory damages permitted for violation of the automatic stay rather than enforcement through contempt. See.e.g, In re Curtis, 322 B.R. 470 (Bankr.D.Mass. 2005); In re Goodfellow, 298 B.R. 358 (Bankr.N.D.Iowa 2003); McCormack v. Fed. Home Loan Mortg. Corp. (In re McCormack), 203 B.R. 521 (Bankr.D.N.H. 1996).

injunction.

**IT IS FURTHER ORDERED** that Nationstar Mortgage, LLC and McCarthy & Holthus, LLP, shall pay actual damages, plus attorney's fees, costs and filing fees, in the total amount of $5,919.90.

**IT IS FURTHER ORDERED** that Nationstar Mortgage, LLC and McCarthy & Holthus, LLP, shall pay a fine in the amount of $10,000.

**IT IS FURTHER ORDERED** that the requirement to pay the amounts set forth in this Order is the joint and several obligation of Nationstar Mortgage, LLC and McCarthy & Holthus, LLP.

**IT IS FURTHER ORDERED** that the amounts required to be paid by this Order shall be remitted to counsel for the Debtor **no later than 20 calendar days from the date of entry of this Order**.

**IT IS FURTHER ORDERED** that Nationstar Mortgage, LLC and McCarthy & Holthus, LLP, shall take appropriate steps to amend the complaint filed in *Nationstar Mortgage LLC v. Lawrence Grihalva, et al.*, Case No. A-13-684232-C, pending in the Eighth Judicial District Court for the State of Nevada in and for the County of Clark, or otherwise dismiss the proceeding, so that no further judgment as a personal liability of the Lawrence A. Grihalva is sought. Compliance with this requirement must be completed **no later than 20 calendar days from the date of entry of this Order**. For each day after the 20th calendar day, a $1,000 fine shall be imposed on both Nationstar Mortgage, LLC and McCarthy & Holthus, LLP, until compliance is met. Upon completion of this requirement, whether before or after the 20th calendar day, Nationstar Mortgage, LLC and McCarthy & Holthus, LLP must file with the bankruptcy court a statement of compliance.

Notice and Copies sent through:

    CM/ECF ELECTRONIC NOTICING AND/OR BNC

and sent via FIRST CLASS MAIL BY THE COURT AND/OR BNC to:

    LAWRENCE AUGUSTUS GRIHALVA
    3222 E. VIKING RD.
    LAS VEGAS, NV 89121

# # #